IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     Plaintiff/Respondent, § | |
| § | |
| V. § | CR. No. C-03-159 (1) |
| § | C.A. No. C-04-541 |
| JERRY MICHAEL WALTERS, § | |
|     Defendant/Movant. § | |

## **ORDER DENYING MOTION FOR RECONSIDERATION**

## I. **BACKGROUND**

On October 25, 2004, Movant Jerry Michael Walters ("Walters") filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 105).[1] By Order entered March 8, 2005, the Court denied the motion on the grounds that the claims he raised therein were barred by the waiver of § 2255 rights contained in Walters' plea agreement. (D.E. 126). The Court also *sua sponte* denied him a Certificate of Appealability ("COA"). (D.E. 126). Final judgment was entered on March 8, 2005. (D.E. 127).

On August 8, 2005, the Clerk received from Walters a motion requesting reconsideration of the Court's Order denying his § 2255 motion, and of the denial of his COA. (D.E. 135). The motion was signed on August 4, 2005, and is deemed filed as of that date. In his motion, he claims that he was in transit prior to the government's filing of its response to his § 2255 motion and thus did not have access to case law to file a reply. He further contends that the Court erred in denying him a COA and that "he should be entitled to file his COA to the Fifth Circuit Court of Appeals in a timely manner."

For the reasons set forth herein, Walters' motion is DENIED.

---

[1] Docket entry references are to the criminal case, C-03-159(1).

1

## II.  ANALYSIS

A.   **Characterization of Motion for Reconsideration**

Walters does not identify any rule pursuant to which he challenges the Court's prior order. Because it was filed more than ten days after entry of the judgment, Rule 59 of the Federal Rules of Civil Procedure cannot be used as the basis for his motion. Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000). Accordingly, the Court construes Walters' motion to reconsider as one brought under Rule 60(b), Fed. R. Civ. P. Because he is also expressing a desire to appeal this Court's denial of his § 2255 motion, the Court construes the motion, in the alternative, as one seeking an extension of time to appeal.

B.   **Rule 60(b) Standards**

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) misconduct of adverse party, (4) void judgment, (5) judgment satisfied, or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  Motions under Rule 60(b) are directed to the sound discretion of the district court.  Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1082 (5th Cir. 1984).

Walters' brief motion does not allege any facts that entitle him to relief under any of the grounds listed in Rule 60(b). Accordingly, his motion to reconsider is DENIED.

C.   **Motion for Extension of Time to Appeal**

As noted, judgment in Walters' § 2255 proceedings was entered on March 8, 2005. He had sixty days from that date to file his notice of appeal. Fed. R. App. P. 4(a)(1)(B); see also Rule 11,

RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS (Fed. R. App. P. 4(a) governs appeals in 2255 proceedings). Sixty days after March 8, 2005 was May 7, 2005. Because May 7, 2005 was a Saturday, Walters had until May 9, 2005 to file his notice of appeal. See Fed. R. App. P. 26(a)(3).)

Walters failed to file anything with the Court during that period, and he offers no explanation for his failure to do so. Indeed, the first document filed with the Court was filed on August 4, 2005, nearly three months past the expiration of the appellate deadline. Particularly in light of his lack of any explanation for his untimely filing, there is no basis in the record from which the Court could conclude that he has shown "good cause" or "excusable neglect," to warrant an extension of time to appeal under Fed. R. App. P. 4(a)(5).

Thus, to the extent his motion can be construed as a motion for extension of time to appeal, it is likewise DENIED.

### III. CONCLUSION

For the foregoing reasons, Walters' motion (D.E. 135) is DENIED.

Ordered this 25th day of August, 2005.

_____
Janis Graham Jack
United States District Judge